IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO CUELLAR,

        Petitioner,

vs.                               No. CIV 01-41 BB/LFG

LAWRENCE TAFOYA,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed January 10, 2001. Petitioner Francisco Cuellar ("Cuellar") challenges the judgment and sentence entered on February 3, 1998 by the Second Judicial District Court in State v. Cuellar, CR 95-00848 (County of Bernalillo, New Mexico). Cuellar was convicted upon a jury verdict of aggravated battery, three counts of aggravated assault, shooting at or from a motor vehicle, and conspiracy. He was sentenced to a total term of imprisonment of 23 1/2 years.

2. Cuellar's conviction was affirmed by the New Mexico Court of Appeals on December 16, 1999. His petition for certiorari on direct appeal was denied by the New Mexico Supreme Court on

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

February 10, 2000. After his petition for habeas corpus was denied by the state district court, Cuellar failed to file a petition for writ of certiorari with the New Mexico Supreme Court. The claims raised in this federal petition are the same ones raised in the state habeas action.

3. Because Cuellar did not seek certiorari review by the state supreme court following denial of his habeas petition, he has procedurally defaulted his claims. Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995). Respondents raised this argument in their Answer. The Court entered an Order to Show Cause [Doc. 11] on May 18, 2001, giving Cuellar an opportunity to excuse the procedural default by showing cause for the failure to file for certiorari and prejudice arising therefrom, or by establishing a fundamental miscarriage of justice. Id., at 388-89; Dulin v. Cook, 957 F.2d 758 (10th Cir. 1992). Cuellar filed a response [Doc. 12] to the order on May 29, 2001; Respondents did not reply. The Court finds that Cuellar has failed to make the requisite showing and therefore recommends that his petition be dismissed.

4. To satisfy the "cause" standard, Cuellar is obliged to make a showing that "some objective factor external to the defense" impeded his efforts to comply with New Mexico's procedural rules. Coleman v. Thompson, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566 (1991); Watson, at 388. Cuellar's habeas petition was denied by the state district court on June 22, 2000 (Answer, Ex. N). His petition for certiorari was due within 30 days of the denial, thus, on or about July 24, 2000. NMRA 12-501(B).[2] Cuellar did make an attempt several months later to file a petition for writ of certiorari, but the petition was not received at the New Mexico Supreme Court until December 4, 2000. It was returned to him unfiled, along with a letter explaining that the petition was over four and a half months late and therefore could not be entertained by the court. (Unnumbered Exhibit to Doc. 12).

---

[2]By rule, the three-day mailing period does not apply to this time limit. NMRA 12-501(B).

5. Cuellar states in his response to the Order to Show Cause that his petition was late because he did not have proper access to the law library, he was never informed of the 30-day time limit, he "was only given the address of the Attorney General's office" and thus sent his petition there rather than to the state supreme court, and he was given inaccurate information by "the lady from the law library" to the effect that his petition had been properly prepared.

6. These reasons do not suffice to show adequate cause for the late filing. The mere fact that access to a law library is restricted does not suffice to establish cause for a procedural default. Bell v. Detella, 124 F.3d 203 (Table, text in Westlaw), No. 96-1667, 1997 WL 471322 (7th Cir. Aug. 12, 1997). Cuellar does not allege that he was completely barred from the law library during the four and a half month period between denial of his habeas petition and his attempt to file for certiorari. Even if he had been denied all access, this would not be dispositive, as prisoners are not necessarily entitled to a law library but only to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996). Cuellar has not established that his asserted lack of access to a law library deprived him of such an opportunity. A petition for writ of certiorari does not generally require additional legal research; Cuellar could have prepared such a petition by drawing from the arguments made in his habeas petition.

7. The facts alleged by Cuellar, that was not informed of the 30-day time limit, that he might have been given the wrong address for mailing the petition, and that the "lady in the law library" gave him bad advice, do not excuse his default. He is not entitled to counsel in post-conviction proceedings, Pennsylvania v. Finley, 481 U.S. 551, 558, 107 S.Ct. 1990, 1994-95 (1987), and misleading or incorrect advice, by an attorney or non-attorney, "would therefore not amount to a

3

violation of constitutional magnitude and, as such, cannot provide the cause necessary to excuse petitioner's procedural default." Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997). And while a *pro se* litigant is given more leeway than is an attorney in following technical rules, Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972), his *pro se* status does not relieve him of the obligation of complying with the fundamental requirements of the rules of civil procedure. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

8. Cuellar has failed to show adequate cause for his default; therefore, the Court need not consider the prejudice prong of the cause-and-prejudice test.

9. Cuellar could also excuse his default by showing a "fundamental miscarriage of justice." As noted in the Order to Show Cause, the standard for such a showing is extraordinarily high; Cuellar would have to establish that "a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 499 U.S. 467, 494, 111 S. Ct. 1454, 1479 (1991). He must "identify evidence that affirmatively demonstrates his innocence." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999). Cuellar's vague statements in his response to the Order to Show Cause, to the effect that he was not given a proper opportunity to cross examine witnesses, that certain witnesses recanted their initially exculpatory statements as to the identity of the perpetrator, and that the trial court did not allow some witnesses to be properly impeached with prior false testimony, do not meet this standard.

10. The Court finds that Cuellar has not shown cause and prejudice, nor a fundamental miscarriage of justice, to excuse his procedural default in failing to file for certiorari following denial of his state habeas petition.

## **Recommended Disposition**

That Cuellar's petition be denied, and that the action be dismissed with prejudice.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Lorenzo F. Garcia
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge